IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| GASTRONOMICAL WORKERS UNION LOCAL 610 & METROPOLITAN HOTEL ASSOCIATION PENSION FUND and its TRUSTEES: JASON RIVERA, MILDRED I. VAZQUEZ, and DAVID NEW<br><br>Plaintiffs,<br><br>v.<br><br>HOTEL MELIA, INC.,<br><br>Defendant.<br><br>Serve: Hotel Melia, Inc.<br>Abel Misla<br>75 Calle Cristina<br>Ponce, Puerto Rico 00730 | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiffs, the Gastronomical Workers Union Local 610 and Metropolitan Hotel Association Pension Fund and its respective Trustees (collectively, the "Fund"), by and through counsel, and hereby complain of Defendant, Hotel Melia, Inc. ("Hotel Melia"), as follows:

### Introduction

1. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. (1982).

2. The Fund seeks a judgment against Hotel Melia awarding it withdrawal liability, interest, liquidated damages, attorneys' fees and costs under ERISA, as well as injunctive relief

1

requiring Hotel Melia to provide a complete list of each trade or business under common control with Hotel Melia and to comply with an audit of its payroll records.

## Jurisdiction and Venue

3. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because such action arises under ERISA.

4. Additionally, this Court has specific subject matter jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

5. This Court has personal jurisdiction over Hotel Melia and venue lies in this Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the withdrawal from the Fund took place in the District of Puerto Rico, and Hotel Melia operates in the District of Puerto Rico.

## Parties

6. The Fund is a multiemployer pension plan within the meaning Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Fund provides retirement benefits to the eligible employees of employers required to contribute to the Fund pursuant to a collective bargaining agreement ("CBA") with the Gastronomical Workers Union Local 610 (the "Union").

7. Plaintiffs Jason Rivera, Mildred I. Vazquez, and David New are Trustees of the Fund and are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and, as the Board of Trustees, are collectively the "plan sponsor" within the meaning of § 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

8. The Fund is administered by Associated Administrators, LLC, a third-party administrator, whose offices are located at 911 Ridgebrook Road, Sparks, Maryland 21152.

9. Pursuant to §§ 502(a)(3), 4221(b)(1), and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1) and (b), the Plaintiff Trustees are authorized to bring this action on behalf of the Fund, its participants, and beneficiaries for the purpose of collecting delinquent withdrawal liability and to compel Hotel Melia to provide a complete list of each trade or business under common control with Hotel Melia and to comply with an audit of its payroll records.

10. At all times pertinent to this action, Hotel Melia has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

11. Upon information and belief, Hotel Melia is a corporation organized under the laws of Puerto Rico, with a principal office located at 75 Calle Cristina, Ponce, Puerto Rico 00730.

**Factual Allegations**

12. The Fund incorporates the foregoing paragraphs as if fully stated herein.

13. At all times pertinent to this action, Hotel Melia was a signatory to and bound by a CBA with the Union under which it was obligated to make contributions to the Fund on behalf of its employees who were covered thereby.

14. Hotel Melia is also bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund and any rules and policies adopted by the Trustees thereunder, including the Fund's Joint Policy for Collection of Delinquent Contributions ("Collection Policy") and Payroll Audit Policy.

15. ERISA §§ 4201-4225, 29 U.S.C. §§ 1381-1461, establish withdrawal liability for multiemployer plans. ERISA § 4201, 29 U.S.C. § 1381, establishes that if an employer withdraws from a multiemployer plan then the employer is liable to the plan for the amount determined to be the withdrawal liability.

16. The Fund determined that, on or about December 31, 2016, Hotel Melia effected a "complete withdrawal" from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

17. The Fund also determined that, as a result of this complete withdrawal, Hotel Melia incurred withdrawal liability to the Fund in the amount of $15,317,882.00, as determined under ERISA § 4201(b), 29 U.S.C. § 1381(b).

18. On or about January 11, 2018, the Fund sent Hotel Melia a Notice and Demand for payment of the withdrawal liability with a payment schedule ("the Schedule") issued by the Fund in accordance with ERISA §§ 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1). The Fund then sent another complete copy of the Notice and Demand to Hotel Melia by certified mail on January 24, 2018.

19. The Notice and Demand for payment informed Hotel Melia that its withdrawal liability was assessed by the Fund to be $15,317,882.00, payable according to the Schedule either in a single installment or in 240 monthly installments of $844.09, with the first installment due within 60 days of the date of the Notice and Demand. Thus, the first installment was due by March 28, 2018.

20. The Notice and Demand also requested pursuant to ERISA § 4219(a) that Hotel Melia furnish to the Fund, within 30 days from the date of the Notice and Demand, a complete list of each trade or business under "common control" as defined by ERISA § 4001(b). In this

regard, the Notice and Demand included as an enclosure a withdrawal liability questionnaire to be completed and returned to the Fund within 30 days pursuant to ERISA § 4219(a).

21. Hotel Melia did not make the first required payment by March 28, 2018, nor has it made any payment whatsoever, nor did it respond to the Fund's request for information, in violation of ERISA § 4219(a).

22. In a letter dated March 29, 2018, the Fund's counsel sent Hotel Melia a notice of default for its payment due March 28, 2018. The letter notified Hotel Melia that it was delinquent and that if payment was not received within 60 days, Hotel Melia would be in default whereby its payment obligation would be accelerated and the entire amount of withdrawal liability would become due and owing pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(1)(D).

23. Hotel Melia has failed to make any payments of the withdrawal liability, and as a result, the entire amount of the withdrawal liability of $15,317,882.00 is due and owing, plus interest, liquidated damages at twenty (20) percent of the amount of the withdrawal liability, and the Fund's reasonable attorneys' fees and costs in collecting this liability.

24. Hotel Melia did not initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and the time for initiating arbitration has expired.

25. Hotel Melia did not request plan sponsor review of the withdrawal liability assessment within the time periods specified in § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and the time for requesting plan sponsor review has expired.

26. Pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), if no arbitration proceedings have been initiated in the time allotted by the statute then the amount demanded by

the plan shall be due and owing and the plan sponsor may bring an action in a court of competent jurisdiction for collection.

27. In accordance with the Fund's Payroll Audit Policy, the Fund may initiate a payroll audit of an employer upon receipt of notice that the employer is ceasing payment of contributions, for reasons such as a complete withdrawal or filing of a bankruptcy petition.

28. The Fund's auditors, Salter & Company, LLC (the "Auditors"), attempted to contact Hotel Melia to schedule an audit of its payroll records for the period of January 1, 2013 through December 31, 2016 (the "Payroll Audit"). Hotel Melia did not respond.

29. On March 29, 2018, co-counsel to the Fund sent a letter to Hotel Melia demanding that Hotel Melia provide the Auditors with all necessary documents to conduct the Payroll Audit. The letter stated that written confirmation of the scheduling of the Payroll Audit must be received April 27, 2018, or the Fund would take action to compel compliance. Hotel Melia received this letter via certified mail on April 2, 2018.

30. Hotel Melia failed to respond to the Fund or the Auditors as directed in the aforementioned letter, and failed to submit written confirmation of the scheduled Payroll Audit.

### Count I: Claim for Delinquent Withdrawal Liability

31. The Fund hereby incorporates the foregoing paragraphs as if fully stated herein.

32. Hotel Melia has failed to make the required withdrawal liability payments due to the Fund, despite its obligation to do so under the CBA and Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c).

33. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

34. Hotel Melia is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. § 4219.33, and the full amount of the withdrawal liability is now due and owing.

35. Under the terms of the Collection Policy, interest at the rate of the Fund's custodian bank on each January 1st plus 2% per annum shall be paid for delinquent contributions arising from withdrawal liability assessments.

36. By the foregoing conduct, Hotel Melia has violated Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c), and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) for withdrawal liability in the amount of $15,317,882.00; interest on the withdrawal liability at the Fund's interest rate for delinquent withdrawal liability payments; an amount equal to the greater of the accrued interest on the unpaid contributions or liquidated damages equal to 20% of the withdrawal liability; and the attorneys' fees and costs incurred by the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

### Count II:  Claim for Injunctive Relief Under ERISA § 502(a)(3)(A)

37. The Fund hereby incorporates the foregoing paragraphs as if fully stated herein.

38. ERISA Section 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A), permits a plan fiduciary to bring an action "to enjoin any act or practice which violated any provision of this title or the terms of the plan."

39. Hotel Melia's failure to respond to the Fund's request for information by providing a complete list of each trade or business under "common control" is a violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

40. Accordingly, the Fund is entitled to an injunction compelling Hotel Melia's response to the Fund's request for a complete list of each trade or business under common control, as said terms are defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b), with Hotel Melia, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

41. Hotel Melia's failure to provide access to its records for the purpose of a payroll audit is a violation of the Trust Agreement and the Payroll Audit Policy to which Hotel Melia is bound.

42. Accordingly, the Fund is entitled to an injunction compelling Hotel Melia to provide access to its records for the purpose of a payroll audit pursuant to the Fund's Payroll Audit Policy.

**WHEREFORE**, the Fund requests a judgment against Hotel Melia, for all amounts due to the Fund at the time this cause reaches judgment and other relief, to wit:

a) A judgment awarding to the Fund all of the sums due to the Fund under the terms of the CBA, the Trust Agreement, the Collection Policy, and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), including:

  i. Withdrawal liability in the amount of $15,317,882.00;

  ii. Interest on the withdrawal liability at the Fund's rate of the Fund's custodian bank on each January 1st plus 2% per annum and for such other additional interest that accrues and/or becomes due during the course of this action;

  iii. An amount equal to the greater of the interest accrued on the withdrawal liability or liquidated damages equal to twenty (20%) percent of the withdrawal liability;

       iv.    The attorneys' fees and costs incurred by the Fund in the collection of the withdrawal liability, including attorneys' fees and costs of this action and any fees and costs incurred in the execution of any judgment awarded, pursuant to the Trust Agreement and Collection Policy, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

    b)    An injunction compelling Hotel Melia's response to the Fund's request for a complete list of each trade or business under common control, as said terms are defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b), with Hotel Melia, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a); and

    c)    An injunction compelling Hotel Melia to submit to and cooperate in an audit of all records necessary to perform a complete audit including wage, payroll, and personnel records for the period of January 1, 2010 through September 30, 2013; and

    d)    A judgment awarding the Fund:

       i.    Any delinquent contributions discovered in the Payroll Audit;

       ii.    Interest accrued on any delinquent contributions discovered in the Payroll Audit;

       iii.    An amount equal to the greater of the interest accrued on the withdrawal liability or liquidated damages equal to twenty (20%) percent of the delinquent contributions;

       iv.    The attorneys' fees and costs incurred by the Fund in the collection of the any delinquent contributions discovered in the Payroll Audit, including attorneys' fees and costs of this action and any fees and costs incurred in the execution of any judgment awarded;

e)	Retain jurisdiction of this case pending compliance with its orders; and

f)	Such further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th. Day of September, 2018.

/s/ José G. Barea Fernández
José G. Barea (USDC-PR No. 206812)
JG Barea Law Offices, P.S.C.
420 Ponce de León Avenue
Oficina 303
San Juan, P.R. 00918
787-765-2185 (Telephone)
jgb@jgbarea.com

-and-

Jeffrey S. Swyers
Kristina F. Salamoun
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW,
Suite 450
Washington, D.C.  20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)
jswyers@slevinhart.com
ksalamoun@slevinhart.com

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20638213v1